(Peter Young *v.* David Hosack.)

*Purd. Dig.* 783, was only intended to cure apparent irregularities, which the lapse of time would make it difficult to explain, but not to dispense with the positive requisitions of the act, 1 *Wheaton*, 476. In this case there was no evidence of the appointment of assessors, no oath administered to them, no advertisement of the tax due and time of sale. These are important requisites, the omission of which are not irregularties, but total omission. The 2d section of the act provides, that one year shall elapse from the time of assessment, before a sale shall be made, of which at least four week's notice shall be given. Can the Court presume that this time did elapse, and that this notice was given? There was no evidence that a bond was given for the surplus; which renders the sale void. *Sutten v. Nelson,* 10 *Serg. & Rawle,* 238.

The duplicate given in evidence, did not prove the fact for which it was offered. It did not prove that a tax was due. The assessment of a tax must be founded upon the triennial assessment, without which it is void, *Stewart v. Shoenfelt,* 13 *Serg. & Rawle,* 378. It cannot be that a mere deed, without authority to make the sale, will give a title, by which the rightful owner is deprived of his land, and that too, without any evidence that a bond was given, upon which he might recover the surplus. Cited: *Waln v. Shearman,* 8 *Serg. & Rawle,* 368. *Birch v. Fisher,* 13 *Serg. & Rawle,* 209. *Stewart v. Shoenfelt,* 13 *Serg. & Rawle,* 368.

*Ayres* for defendant in error. Stopped by the Court.

Judgment affirmed.

— ·»»●⊛●««·—

## ADAM STEINBROOK *against* JACOB STEINBROOK.

### IN ERROR.

Upon a judgment, entered on a special verdict, being reversed by the Supreme Court, and sent back to be more particularly stated, the cause may be arbitrated by either party.

ERROR to the common pleas of Crawford county.

This was an action of ejectment, for a tract of land, brought by *Jacob Steinbrook* against *Adam Steinbrook.* A jury having been sworn and the testimony heard, the Court delivered their charge to the jury, which the parties then agreed should be considered in the nature of a special verdict. The Court entered a

(Adam Steinbrook *v.* Jacob Steinbrook.)

judgment for the defendant. The plaintiff sued out a writ of error from the Supreme Court. The judgment was then "reversed, a *venire de novo* awarded, and record remitted, to be more fully stated."

When the cause went back, the plaintiff entered a rule to choose arbitrators; the arbitrators met, and made a report in favour of the plaintiff; from which there was no appeal. The defendant made a motion at the next term to strike off the rule of reference, and all subsequent proceedings. Upon argument, the Court *( Shippen, President,)* refused to do this. , The defendant then took out a writ of error.

*S. B. Foster* for plaintiff in error,

Contended, that the situation of this case was such, that it could not be referred to abitrators. That there being a special verdict agreed to, nothing could be done in the Court below, but to amend the same, according to the order of the Supreme Court; and which arbitrators could not and did not do.

*Derrickson* and *Selden* for defendant in error, stopped by the Court.

Judgment affirmed.

---

# MOSES ALLEN *against* ELEANOR ALLEN.

## IN ERROR.

Putting a mare to pasture, in consideration of her services, does not create a temporary ownership in the person with whom she was put, so as to entitle him to the increase.

The person to whom the mare is put thus is a naked bailee.

ERROR to Crawford county.

This was an action of trover, brought to recover the price of a mare and two colts, by *Eleanor Allen* against *Moses Allen.*

The mare belonged to the plaintiff; the evidence of the manner in which the defendant obtained the possession of her and her colts, was thus stated by a witness:

"The plaintiff told the defendant, she had brought her mare there to be kept for her service or work ; that she had no pasture. Defendant said, he would keep her for her work, and that he liked to ride her. Plaintiff said, it was uncertain how long she